*893 OPINION OF THE COURT
William M. Simon, J.
The court having ordered a hearing to make factual findings on the issues presented in a written speedy trial motion, it was agreed by both sides in the original motion that the following facts are undisputed and stipulated to:
The speedy trial period of time applicable to this felony complaint that was reduced to a misdemeanor is six months.
The prosecution began for speedy trial purposes on September 25, 2004, the date the defendant was arraigned, and a felony complaint was filed in the Cairo Town Court (CPL 30.30 [1] [a]).
It was stipulated that the time period from the date of filing the felony complaint September 25, 2004 until March 2, 2005 the date the prosecution received a written waiver of speedy trial from defendant’s attorney is in all respects chargeable to the prosecution, a period of delay of 157 days.
On January 2, 2007 the prosecution answered ready for trial on a misdemeanor information filed in this case.
The period the court must make a determination on is the period between March 2, 2005 and January 2, 2007 (the period in dispute).
The following are my findings of fact made at the conclusion of the hearing:
On March 2, 2005 the law firm of Lewis and Stanzione represented the defendant and signed a written waiver of speedy trial rights on behalf of its client.
The Town Court log which was received in evidence without objection (exhibit F) reveals that on August 1, 2006 the defendant was sent or given a form “Waiver of case to Grand Jury” to sign.
It is clear from the testimony that the defendant never signed or consented to the waiver to the grand jury or to any proceeding in county court.
The defendant testified and this court finds as a matter of fact that prior to August 1, 2006 the law firm of Lewis and Stanzione was relieved of its representation of the defendant and that she was proceeding as her own attorney.
A Greene County assistant district attorney testified, and this court finds as a matter of fact, that at a court appearance in New Baltimore, on a date that he is not certain of, he asked de *894 fendant if she was aware of and consented to the waiver of speedy trial rights, and she answered affirmatively. Sometime thereafter he asked the local criminal court judge in the Town of New Baltimore, where the felony complaint was then pending, to “Divest the Case to the Grand Jury” (the People concede this fact in their posthearing brief and argue that the assistant district attorney took this action in an effort to preserve the defendant’s right to testify before the grand jury). In furtherance of that decision a form entitled “Divestiture of Case to Grand Jury” was signed- by the town court’s clerk, a Ms. Lynn Taylor, on October 11, 2006, whereupon the file was transmitted and sent to the Greene County Court. He further testified defendant was not necessarily in court on that date nor was the defendant asked to consent to the procedure of divesting the case to the grand jury.
On the form which was received in evidence as defendant’s exhibit “D” the defendant’s counsel is listed as “Pro Se” with her home address appearing on the form.
The form significantly lists alongside the caption two check boxes which are reasons for the divestiture. They are entitled “_Ordered held for Grand Jury on_/_/_/” and “Divestiture after Indictment/SCI Notice.” Neither box is checked, and the prosecution concedes that no hearing was ever held nor was any indictment ever had in this case. Nor did defendant ever request or consent to a superior court information conference.
The form also clearly states that once the transmitted papers are actually received by the County Court the case would no longer be pending in the New Baltimore Town Court pursuant to CPL 180.70 (1).
No indictment or grand jury proceeding or superior court information was ever held or filed in this case.
On December 21, 2006 the matter was returned to the New Baltimore Town Court, wherein a misdemeanor information was filed on or about January 2, 2007.
The Law
It is clear to this court that the procedure used and followed by the court and the assistant district attorney was violative of New York State law. The result of such actions was that this case was in “legal Limbo” for the entire period of October 11, 2006 until December 21, 2006. The matter was removed from a court of proper jurisdiction (New Baltimore Town Court) to a *895 court that had no preliminary jurisdiction to handle a felony complaint (the Greene County Court). The case was not pending anywhere.
Since at the time the only accusatory instrument was a “felony complaint” it must remain in the local criminal court until disposed of under CPL article 180 by the defendant consenting to it being “waived to the grand jury” or “until an indictment is returned by a grand jury” or until after a preliminary hearing has been held and the court makes a determination that there is “probable cause to hold it for the grand jury” (see CPL art 180).
The County Court is a “superior court” (CPL 10.10 [2] [b]) and has “trial jurisdiction” over all offenses (see CPL 10.20 [1]).
While superior courts also have preliminary jurisdiction over all offenses, they may only exercise such jurisdiction through their agents, the “grand juries” (see CPL 10.20 [2]).
While in limited instances such as arraignments, search warrants or arrest warrants the superior court can have a felony complaint filed with it (CPL 10.20 [3]), none of those exceptions applies to this case.
An indictment or a superior court information are the exclusive methods of prosecuting an action in a county court (see CPL 210.05).
Since the Legislature has the power to limit the jurisdiction of the County Court as opposed to the Supreme Court this court must and does determine that the County Court was not a proper jurisdictional court to transfer preliminary matters concerning a “felony complaint” to, absent legislative authority to do so.
The opposite result would be reached if the court had transferred the case to the Supreme Court, even absent express statutory authority, since although the Supreme Court has general jurisdiction over all matters under NY State Constitution, article VI, § 7, the County Court does not. For an interesting analysis of this issue, see People v Gutierrez (2001 NY Slip Op 40290[U], *6-7 [2001]) which states:
“The CPL in §§ 10.20 (2); 210.05 and other sections referenced by the defendant clearly limits the jurisdiction of the Supreme Court to the extent it precludes the Supreme Court from presiding over preliminary aspects of felonies and all aspects of misdemeanors other than when returned by indictment. A distinction must be made when referencing *896 the CPL and the limitations imposed therein on the superior courts. Superior courts are defined as including both the Supreme Court and the various county courts. The Legislature possesses the power to limit the jurisdiction of the county courts; nothing herein argues to the contrary. However, any limitation of the jurisdiction of the Supreme Court by the provisions of the CPL conflicts, with New York Constitution Art 6 § 7 and those provisions must bow to the constitution. In part due to the constitutional distinction between the Supreme Court and the County Court, the Domestic Violence part in Westchester has been a supreme court part from its inception.”
In the above case it was held that all crimes can be prosecuted in the Supreme Court even if jurisdiction is only preliminary and without indictment, but holds the same would not be true in county court. This court agrees.
The prosecution in their brief argue that even though the assistant district attorney asked the judge in New Baltimore to file the divestiture and transfer the case without the consent or knowledge of the defendant, they did so in good faith because it was thought that the defendant wanted to testify before the grand jury. While this court can see no way in which the actions helped or hindered defendant’s right to testify, in any event they could not confer jurisdiction on a court that had none, even if the assistant district attorney acted in good faith. Moreover defendant’s rights to testify and the notices that must be given in a grand jury proceeding are covered under article 190 of the CPL and are more than adequate to protect the rights of a defendant with a criminal case pending.
Conclusions of Law
Transfer of the case by the town court at the request of the district attorney’s office, without defendant’s knowledge, complicity or consent, to a court that lacks either preliminary or trial jurisdiction, vitiates any written waiver of speedy trial rights for the period that the case was not pending in front of any court with any jurisdiction. The period March 2, 2005 to October 11, 2006 is not chargeable to the People due to the written waiver of speedy trial rights; however, the period from October 11, 2006 to December 21, 2006, a total of 71 days, is chargeable to the People. When added to the stipulated delay of 157 days that was conceded to be chargeable to the People the *897 total delay is 228 days which is well past the six-month time the People must be ready for trial in.
The case is dismissed under CPL 30.30.